UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| STEVEN MICHAEL STONE, #828330, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-338 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| PAUL KLEE and | ) | |
| LEE McROBERTS, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Macomb Correctional Facility (MRF). Plaintiff's complaint concerns conditions of his confinement at the Gus Harrison Correctional Facility (ARF) in October 2013. The defendants are ARF's Warden Paul Klee and Deputy Warden Lee McRoberts. Plaintiff alleges that defendants violated his Eighth Amendment rights by being deliberately indifferent to the risk that plaintiff would be assaulted sometime in October 2013 by an unidentified inmate. (Compl. at 3, ¶ IV, docket # 1, Page ID 3). Plaintiff did not allege the capacity in which defendants are sued. (*Id.* at 2, ¶ III(B), Page ID 2). He seeks damages and injunctive relief. (*Id.* at 4, Page ID 4).

The matter is now before the court on defendants' motion for summary judgment based on the affirmative defense provided by 42 U.S.C. § 1997e(a). (docket # 15). Plaintiff elected not to file a response. For the reasons set forth herein, I recommend that all plaintiff's claims for damages under section 1983 against defendants in their official capacities be dismissed with prejudice

because they are barred by Eleventh Amendment immunity.[1]  I recommend that defendants' motion

for summary judgment be granted and that all remaining claims against defendants be dismissed

without prejudice.

<u>**Applicable Standards**</u>

**A.      Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues

as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010).  The standard for

determining whether summary judgment is appropriate is "whether 'the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law.'"  *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578

(6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The court

must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable

inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir.

2011).

When the party without the burden of proof seeks summary judgment, that party bears the

initial burden of pointing out to the district court an absence of evidence to support the nonmoving

party's case, but need not support its motion with affidavits or other materials "negating" the

opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000);

---

[1]The recommendation for dismissal for seeking monetary relief against an immune defendant is made under statutory authority.  *See* 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii).

*see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that

"there is an absence of evidence to support the nonmoving party's case," the nonmoving party has

the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere

allegations of his pleadings.  FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir.

2009).  The motion for summary judgment forces the nonmoving party to present evidence sufficient

to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th

Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012).  "A

mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably

find for the [non-movant].'"  *Dominguez v. Correctional Med. Servs.*, 555  F.3d 543, 549 (6th Cir.

2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603

F.3d 327, 335 (6th Cir. 2010).

A moving party with the burden of proof faces a  "substantially higher hurdle."  *Arnett v.

Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056

(6th Cir. 2001).  The moving party without the burden of proof needs only show that the opponent

cannot sustain his burden at trial.  "But where the moving party has the burden – the plaintiff on a

claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the

court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone

v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment

Under the Federal Rules:  Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)).

The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a

substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden

of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**B.        Standards Applicable to the Affirmative Defense of Failure to Exhaust Remedies**

Defendants have asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.,* 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his

administrative remedies.   The Supreme Court reiterated that "no unexhausted claim may be considered."   549 U.S. at 220.   The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims.   549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law.   *Jones v. Bock*, 549 U.S. at 218-19.   In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93.   "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."   *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009).   Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court.   548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).   The procedural bar does not apply where the State declines to enforce its own procedural rules.   *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[2]   In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against

_____

[2]A copy of the policy directive is found in the record.  *See* docket # 16-2, Page ID 53-59.

whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

Policy Directive 03.02.130 is not limited to the requirement that the individual being grieved be named in the Step I grievance. The following is an overview of the grievance process. Inmates must first attempt to resolve a problem within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his control. *Id.* at ¶ P. If the mandatory pre-grievance attempt at resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted resolution. *Id.* The Policy Directive also provides the following directions for completing Step I grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the *facts* involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). Thus, where an individual is not named in the Step I grievance, or his or her involvement in the issue being grieved is not indicated, or the individual is mentioned for the first time during an appeal of a denial of a grievance, the claims against that individual are not properly exhausted. *See Ketzner v. Williams*, No. 4:06-cv-73, 2008 WL 4534020, at * 16 (W.D. Mich. Sept. 30, 2008) (collecting cases); *accord Sullivan v. Kasajaru*, 316 F. App'x at 470.

The inmate submits the grievance to a designated grievance coordinator who makes an initial determination whether it should be rejected under MDOC policy or assigns it to a respondent. P.D. 03.02.130 at ¶¶ W, X. If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten business days after the response was due.

*Id.* at ¶ BB.  The respondent at Step II is designated by the policy.  The Step II respondent is generally the warden or the warden's designee.  *Id.* at ¶ DD.  If the inmate is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶ FF.  The Step III appeal form must be sent to the Grievance and Appeals Section within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.* at ¶ FF.  The Grievance and Appeals Section is the Step III respondent.  *Id.* at ¶ GG.  Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process.  *Id.* at ¶ S.  "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." *Id.*

Ordinarily, a prisoner must pursue appeals of his grievance through Step III of the administrative process.  The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance procedure." *Napier*, 636 F.3d at 224.  An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement.  *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

### Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions.  Plaintiff did not file nor pursue any grievance against defendants through a Step III decision before filing this lawsuit. (docket # 16-3, Page ID 61-67).

**Discussion**

### I.       Eleventh Amendment Immunity

Plaintiff's claim for damages against defendants in their official capacities are barred by Eleventh Amendment immunity.  The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).  A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).  Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71.  Defendants are entitled to dismissal with prejudice of plaintiff's claims for monetary damages against them in their official capacities.

### II.       Defendants' Motion for Summary Judgment

Defendants have raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against them as required by 42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Woodford*, 548 U.S. at 85.  "[N]o unexhausted claim may be considered."  *Jones v. Bock*, 549 U.S. at 220.  Plaintiff did not properly exhaust any claim against defendants before he

filed this lawsuit.  I find that defendants have carried their burden on the affirmative defense and are

entitled to dismissal of all of plaintiff's claims.

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's claims for damages against

defendants in their official capacities be dismissed with prejudice because they are barred by

Eleventh Amendment immunity.  I recommend that defendants' motion for summary judgment

(docket # 15) be granted and that all plaintiff's remaining claims against defendants be dismissed

without prejudice.


Dated:   March 3, 2015                       /s/  Phillip J. Green
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen
days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All
objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file
timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas
v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir.
2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not
suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier
Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).